IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-353-BO-RJ

| | | |
|---|---|---|
| CARRIE LAUNICE THWEATT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MARY BURNETTE, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on plaintiff's motion to remand and defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The appropriate responses and replies have been filed, or the time for doing so has expired, and in this posture both motions are ripe for disposition. For the reasons that follow, plaintiff's motion to remand is denied and defendant's motion to dismiss is granted.

BACKGROUND

Plaintiff, who proceeds *pro se*, initiated this action by filing a complaint against defendant in Wake County Superior Court. Defendant removed the action to this Court on the basis of its federal question jurisdiction. [DE 1]. Thereafter, defendant moved to dismiss the complaint.

In her complaint, plaintiff alleges a claim for age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621, *et seq*. Plaintiff alleges that she has worked as an educator for twenty-four years and has been affiliated with the Wake County Public School System since 2014. *See* [DE 1-3]. Plaintiff served as a substitute teacher for eight years before being hired in August 2023 as a fifth-grade teacher at Washington Elementary. In March 2024, plaintiff was called into a meeting with defendant, the principal of Washington

Elementary, and the assistant principal and informed that her contract had ended and that if she intended to resign she must submit a thirty-day notice. After the meeting, plaintiff learned that interviews were being conducted for her position and that a new, younger teacher was to be hired. Plaintiff continued working until two weeks before the end of the school year, at which time she resigned due to personal issues.

In July 2024, following her resignation, plaintiff attempted to reinstate her status as a substitute teacher. Plaintiff was required to include a reference from the last principal with whom she had worked. Defendant allegedly provided a damaging reference for plaintiff, based not on plaintiff's one day of substitute teaching at Washington Elementary but rather on plaintiff's performance as a fifth-grade teacher. Plaintiff alleges that this poor reference led the Wake County Public School System to deny her reinstatement as a substitute teacher. While plaintiff's complaint includes allegations regarding younger teachers at Washington Elementary, plaintiff expressly "does not challenge the decision to end my licensed teaching contract, but addresses the wrongful denial of my substitute teaching eligibility based on misleading and damaging information provided by Principal Mary Burnette." *Id.* ¶ 17.

Plaintiff's complaint references claims for age discrimination in violation of the ADEA, hostile work environment, and wrongful termination.

## DISCUSSION

I. Motion to remand

Plaintiff has filed a motion to remand this action to Wake County Superior Court. In her motion, plaintiff objects to the removal of this case and requests to have the case returned to state court due to hardship and inconvenience. Removal of a civil action from state court is only proper where the federal district courts would have original jurisdiction. 28 U.S.C. § 1441. Federal district

courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff brings a claim for age discrimination under the ADEA, and removal of the complaint was proper. The motion to remand is denied.

II. Motion to dismiss

Defendant has moved to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. While "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[,]" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation omitted), a court does not "act as an advocate for a pro se litigant," *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978), nor is it required to "'discern the unexpressed intent of the plaintiff[.]'" *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n. 3 (4th Cir. 2006) (en banc)).

Defendant argues first that she is not the proper party defendant, and the Court agrees. The Fourth Circuit has long recognized that the ADEA only creates liability for employers, not

3

individuals. *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510-11 (4th Cir. 1994); *Portis v. Halifax Cnty. Dep't of Soc. Servs.*, No. 4:22-CV-081-FL, 2024 WL 555881, at *2 (E.D.N.C. Feb. 12, 2024). Though the ADEA includes in its definition of employer "any agent of such person", 29 U.S.C. § 630(b), the Fourth Circuit held this to be "an unremarkable expression of respondeat superior—that discriminatory personnel actions taken by an employer's agent may create liability for the employer." *Id.* at 510. Courts in this circuit have thus held that, whether named in their individual or official capacity, individual defendants are not liable under the ADEA. *See Marlow v. Chesterfield Cnty. Sch. Bd.*, No. 3:10CV018, 2010 WL 2757343, at *5 (E.D. Va. July 13, 2010); *Connelly v. Guilford Cnty. Schs.*, No. 1:24CV492, 2025 WL 551896, at *5 (M.D.N.C. Feb. 19, 2025); *see also Hoffman v. Baltimore Police Dep't*, 379 F. Supp. 2d 778, 790 (D. Md. 2005) (considering identical context under Title VII and holding that there is no distinction between public and private employment for purposes of dismissing claims brought against individual defendants).

Even if defendant was the proper party defendant, plaintiff's claims would still be subject to dismissal. The ADEA requires plaintiffs to administratively exhaust their claims by first presenting them to the Equal Employment Opportunity Commission (EEOC). 29 U.S.C. § 626(d). Once the EEOC has dismissed or otherwise terminated the administrative charge, the plaintiff may bring a civil action "against the respondent named in the charge" within ninety days of receiving notice of her right to sue. *Id.* § 626(e). "The purposes of this requirement include putting the charged party on notice of the complaint and allowing the EEOC to attempt reconciliation." *Causey v. Balog*, 162 F.3d 795, 800 (4th Cir. 1998). Here, plaintiff's EEOC charge did not name defendant as the respondent, and there is no allegation that defendant nonetheless received notice

4

of the EEOC charge. *See Equal Emp. Opportunity Comm'n v. 1618 Concepts, Inc.*, 432 F. Supp. 3d 595, 603 (M.D.N.C. 2020).

Moreover, plaintiff's EEOC charge is devoid of any allegation related to retaliation or hostile work environment, and thus, to the extent such claims are alleged in plaintiff's complaint, they have not been administratively exhausted. *See Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996); *Chamberlain-Loving v. Renal Treatment Centers-Mid-Atl., Inc.*, 787 F. Supp. 3d 211, 215 (E.D. Va. 2025). Accordingly, plaintiff has failed to exhaust her claims against defendant and they are properly dismissed.

Finally, plaintiff has failed to respond to defendant's arguments that she has not plausibly alleged a claim for age discrimination arising from her non-reactivation as a substitute teacher. As noted above, plaintiff expressly cabined the claim or claims in her complaint as those arising from her non-reactivation as a substitute, not her role as a full-time teacher. But plaintiff's response in opposition to the motion to dismiss appears to focus solely on her allegedly discriminatory termination from her full-time position. A plaintiff may not amend her complaint through her opposition to a motion to dismiss, and the failure to respond to arguments raised in a motion to dismiss may constitute abandonment of a claim. *See Neal v. Sandhills Ctr.*, 737 F. Supp. 3d 291, 296 (M.D.N.C. 2024); *Harlow v. Wells Fargo & Co.*, 608 F. Supp. 3d 377, 387 (W.D. Va. 2022). As plaintiff has failed to respond to defendant's arguments that she has failed to plausibly allege a claim under the ADEA for her non-reactivation as substitute, the Court deems this claim abandoned.

Accordingly, plaintiff's complaint is properly dismissed.

5

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand [DE 13] is DENIED and defendant's motion to dismiss [DE 6] is GRANTED. Plaintiff's complaint is DISMISSED and the clerk is DIRECTED to close the case.

SO ORDERED, this  8  day of January 2026.

*/s/ Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE