IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-353-BO-RJ

CARRIE LAUNICE THWEATT,          )
                                 )
                Plaintiff,       )
                                 )
        v.                       )          O R D E R
                                 )
MARY BURNETTE,                   )
                                 )
                Defendant.       )

This cause comes before the Court on plaintiff's motion for relief from judgment pursuant to Rule 60(b)(1) of the North Carolina Rules of Civil Procedure. [DE 17]. Defendant has responded, [DE 19], and the time for filing a reply has expired. In this posture, the motion is ripe for disposition. For the reasons that follow, plaintiff's motion is denied.

BACKGROUND

Plaintiff, proceeding *pro se*, filed a complaint against defendant in Wake County Superior Court. Defendant removed the action to this Court on the basis of its federal question jurisdiction. [DE 1]. Thereafter, defendant moved to dismiss the complaint and plaintiff filed a motion to remand the case to Wake County Superior Court. By order entered January 8, 2026, the Court denied plaintiff's motion to remand and granted defendant's motion to dismiss. [DE 15]. Judgment was entered the same day. [DE 16].

Plaintiff filed the instant motion on February 4, 2026. [DE 17]. Plaintiff contends that she unintentionally failed to respond to defendant's August 7, 2025, response to plaintiff's motion, and that she was unaware that a response was required. Plaintiff argues that she has meritorious

arguments to present in response to defendant's August 7, 2025, filing and that reopening the case to permit her to respond would promote resolution of this case on the merits.

DISCUSSION

Although plaintiff filed her motion citing the North Carolina Rules of Civil Procedure, the Court applies the Federal Rules of Civil Procedure. Fed. R. Civ. P. 81(c)(1) (Federal Rules of Civil Procedure apply to a civil action following removal from state court). Rule 60(b)(1) of the Federal Rules of Civil Procedure permits a court to relieve a party from a final judgment or order due to excusable neglect, mistake, inadvertence, or surprise. Fed. R. Civ. P. 60(b)(1). Rule 59(e) permits a court to alter or amend a judgment where a motion seeking such relief is filed within twenty-eight days of the date of entry of judgment. Fed. R. Civ. P. 59(e). "Although [p]laintiff purports to bring [t]his motion ... under Rule 60(b)(1), because it was filed within twenty-eight days of entry of the underlying order [and judgment], it is properly analyzed under Rule 59(e)." *Knott v. Wedgwood*, Civil Action No. DKC 13-2486, 2014 U.S. Dist. LEXIS 181495, at *3-4 (D. Md. Sep. 11, 2014); *see also Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 412 (4th Cir. 2010).

Reconsideration of a judgment under Fed. R. Civ. P. 59(e) is an extraordinary remedy, *Pac. Ins. Co. v. American Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998), and the decision to alter or amend a judgment is committed to the discretion of the district court. *See Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three bases for granting such a motion: when the court is shown (1) an intervening change in controlling law; (2) new evidence that was not previously available; or (3) that the court has committed a clear error of law or manifest injustice. *Robinson*, 599 F.3d at 407.

On July 23, 2025, plaintiff responded in opposition to defendant's motion to dismiss. [DE 12]. On August 7, 2025, defendant filed a reply to plaintiff's response. [DE 14]. In the instant

2

motion, plaintiff argues that she was "unaware that a response to Defendant's August 7, 2025, filing was required and did not learn of this requirement until receiving notice that the case had been closed." [DE 17] at 1.

At the outset, no response to defendant's reply was required, or, under this Court's Local Civil Rules, permitted absent being granted leave to file a surreply. *See* Local Civil Rule 7.1; 7.2(f); *see also Z.G. by & through C.G. v. Pamlico Cnty. Pub. Schs. Bd. of Educ.*, 744 F. App'x 769, 773 (4th Cir. 2018). To the extent plaintiff is arguing that she inadvertently did not respond to defendant's argument that she had failed to state a claim when she filed her response to defendant's motion to dismiss, and that she should now be given an opportunity to do so, this argument fails to meet the standard necessary to alter or amend a judgment. Plaintiff has identified no change in controlling law, no new evidence, and no clear error of law.

Even were the Court to consider plaintiff's motion under Fed. R. Civ. P. 60(b)(1), no grounds exist for granting her motion. "A party that fails to act with diligence will be unable to establish that his conduct constituted excusable neglect pursuant to Rule 60(b)(1)." *Robinson*, 599 F.3d at 413. Plaintiff argues that she overlooked defendant's reply brief due to a high volume of emails.[1] Carelessness and ignorance generally do not amount to excusable neglect. *Evans v. United Life & Acc. Ins. Co.*, 871 F.2d 466, 472 (4th Cir. 1989). Moreover, "[r]elief from the judgment due to excusable neglect under Rule 60(b)(1) is available only upon a showing that the movant 'was not at fault and that the nonmoving party will not be prejudiced.'" *Gilreath v. Cumberland Cnty. Bd. of Educ.*, 304 F.R.D. 481, 484 (E.D.N.C. 2015) (citation omitted). Plaintiff has failed to show that she was not at fault in not addressing defendant's argument or that defendant would not be prejudiced by vacatur of the judgment. Plaintiff's motion is therefore denied.

---

[1] Plaintiff consented to receiving electronic notices from the Court's electronic filing system on July 16, 2025.

3

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motion for relief from judgment [DE 17]

is DENIED.

SO ORDERED, this 12 day of June 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4